**PHILLIPS PIPE LINE COMPANY, Petitioner,**

v.

**CLEAR CREEK PROPERTIES, INC., et al., Respondents.**

**No. B–7018.**

Supreme Court of Texas.

Jan. 4, 1978.

Rehearing Denied Feb. 15, 1978.

Stayton, Maloney, Hearne & Babb, Kent M. Rider, Austin, for petitioner.

John H. Akin, Austin, for respondents.

PER CURIAM.

Phillips Pipe Line Company replaced a pipeline that ran approximately two miles across land owned by Clear Creek Properties, Inc. While the new line was laid within the easement owned by Phillips, it was necessary during the construction to enter onto and cut trees in a strip of land owned by Clear Creek outside the easement.

After the pipeline was laid, Clear Creek brought a damage suit for trespass on the strip of land outside the easement. Phillips filed a cross-action to condemn, retroactively, a temporary working space over the strip of land that it had used during the pipeline construction three years earlier. The Court of Civil Appeals affirmed a judgment for Clear Creek under the trespass theory, holding that a pipe line company has no right to condemn for a temporary working space. 553 S.W.2d 389.

We agree that Phillips has no right to assert the power of eminent domain in this case three years after the land had been used. The right was not timely asserted. However, our action should not be understood as approving the statement in the Court of Civil Appeals opinion that there is no statutory or case authority that gives a pipe line company the right to condemn land for a temporary working space.

The application for writ of error is refused, no reversible error.